UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

**RECEIVED**
**FEB 4 2019**
**U.S. DISTRICT COURT**
**GREENVILLE, S.C.**

| | |
|---|---|
| CHRISTOPHER JONES, an individual<br><br>Plaintiff,<br>v.<br><br>The CITY OF WALHALLA, a political subdivision and CHIEF RONALD WILBANKS, an individual, CAPTAIN PAUL HARRIS, an individual,<br>Defendants | Case No._____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is a civil rights action filed on behalf of Christopher Jones whose rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution were violated when he was falsely arrested without probable cause by Defendant Walhalla Police Department, on a warrant obtained and signed by Captain Paul Harris, a Law Enforcement Officer employed by the City of Walhalla, South Carolina. Jones' same Constitutional rights were violated when he was physically removed from Spartanburg County Detention Center on or about February 5, 2017 by law enforcement officers from Walhalla Police Department under the supervision and control of Chief Ronald Wilbanks. Jones was held over for bond by at the Walhalla City Magistrate Judge for an alleged $124.00 check at the time of his arrest. Oconee County Detention Officers processed of the arrest.

2. After Jones was arrested in Spartanburg South Carolina, on an NCIC "hold" from Walhalla Police Department, he was taken to the Oconee County Detention Center at the request of the City of Walhalla Police Department, Walhalla South Carolina .

Page **1** of **17**

This is an action for money damages brought pursuant to 42 U.S.C. Section 1983, the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of The United States, and under the common law of the State of South Carolina against the City of Walhalla, Chief Wilbanks and Captain Paul Harris.

## JURISDICTION AND VENUE

3. This action arises under federal law and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367. 5. Venue is proper in this district because it is where the events complained of occurred.

The Defendant City of Walhalla is a municipal corporation in the State Of South Carolina.

4. The Defendant Captain Harris is a law enforcement officer working as a Police Officer for the City Of Walhalla and is otherwise sui juris. The Plaintiff Christopher Jones is a resident of Greenville County, South Carolina .

5. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in South Carolina Statute of Laws. A Notice of Intent To Sue was sent on December 7, 2017.

## THE PARTIES

6. Plaintiff Christopher Jones is fifty years of age. At the time of the incident he was forty-nine years of age and a professional contractor who was/is self-employed for construction and administrative grant work where he is paid on the basis of work performed.

7. Defendant City of Walhalla ("City") is a political subdivision of the State of South Carolina. Defendant Chief Wilbanks ("Wilbanks") and Defendant Captain Harris ("Harris") was at all times relevant to this complaint a certified law enforcement in the State of South Carolina. At the time of this incident both ("Wilbanks") and ("Harris") were duly appointed and acting as a police of the City of Walhalla Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of South Carolina and/or the Walhalla Police Department. At all material times, Defendants City of Walhalla Chief Wilbanks and Captain Harris were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

## STATEMENT OF FACTS

8. February 4, 2017: The Arrest in Greenville, SC

On February 4, 2017, Jones was driving on Laurens Rd Greenville SC and was pulled over by a South Carolina State Trooper for a seatbelt violation. Subsequent to the stop, the SC State Trooper conducted an NCIC warrants check and found that Jones had warrants in Spartanburg SC and Walhalla, South Carolina. Jones was transported to Spartanburg County Detention Center posted bond and was held over for Walhalla warrant.

9. Prior to the traffic stop, Jones was/is a member and officer of the formal Cornerstone Cathedral Church. The Church water utility service is with the City of Walhalla. Jones was directed to make

the monthly payment for water services. The bill was for $124.00. Jones posted a check for that amount. After several weeks a notice was left at the door at the Church from Captain Harris. On the same day, Jones paid the entire bill plus other fees on a debit card creating a substantial surplus for the Church. The Walhalla Water Utility Division failed to notify Captain Harris of the payment, and Captain Harris failed to verify payment before signing arrest warrant. The Walhalla Water Utility Division issued Jones a UB Transaction Report computerized receipt indicating the check was redeemed long before the arrest warrant was secured by Captain Harris.

10. Once Jones was released from detention, he was jailed for nearly three (3) days for this $124.00 check, which was paid in full. Jones later secured the UB transaction report and took the same to the Walhalla Police Department prior to his scheduled court date. At this time Chief Wilbanks reviewed the documents and contacted Captain Harris by phone. Captain Harris argued that the warrant was valid and refused to honor the evidence that the check was made good to the Walhalla Water Division before the warrant was properly secured,

11. Jones was booked into the Oconee County Jail on the misdemeanor charges contained in the arrest affidavit written by Captain Harris. Jones did not have an outstanding check which would justify an arrest warrant or detention and should not have been held over for $450 plus bond on the $124.00 check after spending a day and a half in the detention center. Jones requested a trial by jury. Later and prior to trial, Chief Wilbanks had the all charges dismissed and returned the bond amount to Jones.

12. As a direct and proximate cause of the acts of the defendants, Jones suffered damages which include mental injury, pain and suffering, mental anguish and distress, loss of liberty, humiliation,

embarrassment, damage to reputation, loss of income, and the violation of his constitutional rights. Plaintiff will request discovery to demonstrate Defendant Harris' History of Misconduct and Civil Rights Violations During the course of the Defendant City's employment of Defendant Harris, the City Of Walhalla became aware, or should have become aware, of information that Defendant Harris was unfit to serve in the capacity of Captain, that he posed a danger to the public, and that he had repeatedly violated the civil rights of those he was sworn to serve.

13. On December 7, 2017, the City was on notice of Defendant Harris' misconduct and his proclivities to violate the civil rights of others based on this case prior to the date Jones filing of this case. No communication from Walhalla Police Department , nor the City of Walhalla since the arrest in any manner whatsoever.

## COUNT I

State Tort of False Arrest against Defendant City of Walhalla.

In order to recover under a theory of false arrest in South Carolina, the plaintiff must prove; (1) the defendant caused the plaintiff to be arrested; (2) the decision to arrest was intentional; and (3) the arrest was unlawful in that it was done without probable cause.

Plaintiff Jones realleges paragraphs one through thirteen and incorporates them by reference hisein. Defendant City of Walhalla is responsible for the conduct of its police Officers who are acting in the course and scope of their employment.

On February 4, 2017  Plaintiff Jones was arrested by Defendant City of Walhalla, and Captain Harris, a Walhalla police officer who was acting in the course and scope of his duties as a police officer.

Such seizure physically deprived Jones of his freedom and liberty.

The restraint and arrest of Jones was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

As a result of the actions of Defendant Harris, for which Defendant the City of Walhalla is responsible, Plaintiff Jones suffered damages.

Pursuant to South Carolina Title 15; a City is not "liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting willful and wanton disregard of human rights, safety or property."

As permitted by Fed. R. Civ. P. 8(d), in the alternative to the contrary allegations set forth in this Complaint, Plaintiff Jones alleges that Defendant Harris committed the tort of false arrest, but not in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

Vicarious liability should be imposed on the City of Walhalla for the Defendant

Harris" acts of false arrest to the extent allowed by law.

Pursuant to South Carolina Statutes, Plaintiff notified Defendant City of Walhalla of this claim prior to filing this action and said claim was not resolved.

COUNT II

State Tort of Battery against Defendant City of Walhalla

Plaintiff Jones realleges paragraphs one through thirteen and incorporates them by reference herein Defendant City of Walhalla is responsible for the conduct of its police officers who are acting in the course and scope of their employment. Defendant Harris, while acting in the course and scope of his employment as a police officer, did unreasonably and unlawfully cause Plaintiff Jones to be handcuffed and illegally transported from Spartanburg County to Oconee County, some Sixty (60) miles to the City of Walhalla Police Station and Oconee County Detention Center. Said battery was against the will of Plaintiff Jones, and without his permission or consent.

As a result of the actions of Defendant Harris, for which Defendant the City of Walhalla is responsible, Plaintiff Jones suffered damages.

Pursuant to South Carolina Title 15; a City is not "liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting willful and wanton disregard of human rights, safety or property."

As permitted by Fed. R. Civ. P. 8(d), in the alternative to the contrary allegations set forth in this Complaint, Plaintiff Jones alleges that Defendant Harris committed the tort of battery, but not in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

Vicarious liability should be imposed on the City of Walhalla for the Defendant

Harris' acts of battery to the extent allowed by law.

Pursuant to South Carolina Statutes, Plaintiff notified Defendant City of Walhalla of this claim prior to filing this action and said claim was not resolved.

WHEREFORE, Plaintiff respectfully requests this Court to award (a) reasonable and appropriate compensatory damages, (b) Plaintiff's costs, expenses and reasonable attorney's fees and (c) such other and further relief as this Court deems necessary and proper.

## COUNT III

State Tort of Battery against Defendant City of Walhalla

Plaintiff Jones realleges paragraphs one through thirteen and incorporates them by reference herein. Defendant City of Walhalla is responsible for the conduct of its police officers who are acting in the course and scope of their employment.

Defendant Harris, while acting in the course and scope of his employment as a police officer, did unreasonably and unlawfully to be handcuffed and illegally transported from Spartanburg County to Oconee County, some Sixty (60) miles to the City of Walhalla Police Station and Oconee County Detention Center Plaintiff Jones at the City of Walhalla Police Station after she was arrested, and while he was handcuffed. Illegally transported some sixty (60) miles. Said battery was against the will of Plaintiff Jones, and without his permission or consent.

As a result of the actions of Defendant Harris, for which Defendant the City of Walhalla is responsible, Plaintiff Jones suffered damages.

Pursuant to South Carolina Statute, a the City is not "liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of his or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting willful and wanton disregard of human rights, safety or property."

As permitted by Fed. R. Civ. P. 8(d), in the alternative to the contrary allegations set forth in this Complaint, Plaintiff Jones alleges that Defendant Harris committed the tort of battery, but not in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

Vicarious liability should be imposed on the City of Walhalla for the Defendant

Harris' acts of battery to the extent allowed by law.

Pursuant to South Carolina Statutes, Plaintiff notified Defendant City of Walhalla of this claim prior to filing this action and said claim was not resolved.

WHEREFORE, Plaintiff respectfully requests this Court to award (a) reasonable and appropriate compensatory damages (b) Plaintiff's costs, expenses and reasonable attorney's fees and (c) such othis and furthis relief as this Court deems just and proper.

## COUNT V

State Tort of Negligence against Defendant City of Walhalla

Plaintiff Jones realleges paragraphs one through thirteen and incorporates them by reference herein.

Defendant City of Walhalla is responsible for the conduct of its police officers who are acting in the course and scope of their employment.

Defendant City of Walhalla, Defendant Chief Wilbanks, and Defendant Harris, while acting in the course and scope of their employment as police officers, were negligent and did unreasonably and unlawfully to be handcuffed and illegally transported from Spartanburg County to Oconee County, some Sixty (60) miles to the City of Walhalla Police Station and Oconee County Detention Center Plaintiff Jones at the City of Walhalla Police Station after she was arrested, and while he was handcuffed. Illegally transported some sixty (60) miles. Said battery was against the will of Plaintiff Jones, and without his permission or consent.

As a result of the actions of Defendant Harris, for which Defendant the City of Walhalla is responsible, Plaintiff Jones suffered damages.

Pursuant to South Carolina Statute, a the City is not "liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of his or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting willful and wanton disregard of human rights, safety or property."

As permitted by Fed. R. Civ. P. 8(d), in the alternative to the contrary allegations set forth in this Complaint, Plaintiff Jones alleges that Defendant Harris committed the tort of battery, but not in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

Vicarious liability should be imposed on the City of Walhalla for the Defendant

42 U.S.C. §1983 Fourth Amendment Violation against Defendant Harris for False Arrest

Plaintiff Jones realleges paragraphs one through thirteen and incorporates them by reference herein. While Defendant Harris was acting under color of law as a police officer for the City of Walhalla, he deprived Plaintiff Christopher Jones of rights secured to his under the Fourth Amendment to the United States Constitution.

Defendant Harris unlawfully and without probable cause seized and arrested Jones.

Plaintiff Jones suffered damages as a result of being falsely arrested.

The conduct of Defendant Harris violated Jones' established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff respectfully requests this Court to award (a) reasonable and appropriate compensatory damages, (b) punitive damages against Defendant Harris, (c) Plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and (d) such other and further relief as this Court deems necessary and proper.

## COUNT VI

42 U.S.C. § 1983 Excessive Force against Harris

Plaintiff Jones realleges paragraphs one through thirteen and incorporates them by reference herein. This cause of action is brought by Plaintiff Jones against Defendant Walhalla Captain Harris for the

excessive use of force under color of law that deprived Plaintiff Jones of his rights under the Fourth Amendment to the United States Constitution.

Without legal cause or justification, Defendant Harris used physical force in the course of the unlawful arrest against Plaintiff Jones that was excessive, unnecessary, and unreasonable an alleged $124.00 check in violation of the Fourth Amendment to the United States Constitution.

As a direct and proximate result of Harris' actions, Jones suffered damages.

WHEREFORE, Plaintiff respectfully requests this Court to award (a) reasonable and appropriate compensatory damages, (b) punitive damages against Defendant Harris, (c) Plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and (d) such other and further relief as this Court deems necessary and proper.

## COUNT VII

State Tort of Negligent Supervision and Retention against Defendant City of Walhalla

Plaintiff Jones realleges paragraphs one through sixty-five and incorporates them by reference herein.

The Defendant City has a duty to protect individuals from the acts of false arrest and excessive force by the police officers the City employs.

During the course of the City's employment of Defendant Harris, the City knew or had reason to know that Defendant Harris had a history of misconduct indicating that he was unfit to serve as a

police officer; that he had a history of committing civil rights violations involving excessive force, battery, and false arrest; and, that he posed a danger to the public.

The City breached its duty of reasonable care by: a) retaining Defendant Harris as a police officer; b) failing to discipline Defendant Harris for committing this instant act of misconduct including excessive force and false arrest against members of the public; c) failing to train and/or retrain Defendant Harris; and d) failing to reassign Harris to a position while he would not pose a threat to the public; e) failing to properly supervise and counsel Harris.

As a direct and proximate cause of the wrongful acts and omissions of the Defendant City, Plaintiff Jones suffered damages.

42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff respectfully requests this Court to award (a) reasonable and appropriate compensatory damages, (b) Plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and (c) such other and further relief as this Court deems necessary and proper.

**WHEREFORE**, this plaintiff having provided this verifiable Complaint against the named-defendants, hereby affirm under the penalties of perjury that the same is true and correct upon information and knowledge. This Plaintiff prays for the damages in the amount of $250,000 per allegation as demanded in the Complaint.

**WHEREFORE**, this plaintiff having provided this verifiable Complaint against the named-defendants, hereby affirm under the penalties of perjury that the same is true and correct upon information and knowledge. This Plaintiff prays for the damages in the amount of $250,000 per allegation as demanded in the Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff Jones hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted,

Christopher Jones
P.O. Box 1064
Greenville, S.C. 29602
864-999-6823